Chester F. Blakemore Executive Director, Department of Highway Safety and Motor Vehicles
QUESTIONS:
1. When a motor vehicle becomes a total loss according to the terms of s. 319.30(5), F. S., in a foreign state with a foreign title and is thereafter brought into Florida for the purpose of rebuilding and resale, does s. 319.30 apply?
2. When a motor vehicle becomes a total loss according to the terms of s. 319.30(5), F. S., in a foreign state with a foreign title and is thereafter rebuilt and sold in Florida, does s.319.33, F. S., apply?
SUMMARY:
Unless and until judicially determined otherwise, the provisions of ss. 319.14(5) and 319.30, F. S., providing for criminal penalties for violations of such sections probably do not apply to the rebuilding and resale within the state of flood-damaged motor vehicles which carry certificates of title from the State of Mississippi.
According to your letter and subsequent communications that I have had with your office, it appears that `flood-damaged cars' in the State of Mississippi are being sold in Florida without first submitting to the department the certificate of title therefor and before the department has stamped on such certificate the words: `This motor vehicle is a `rebuilt vehicle" as required by the provisions of s. 319.14, F. S. It appears that such flood-damaged vehicles, or the owners thereof, from the State of Mississippi had been properly issued certificates of title by that state before and at the time said motor vehicles were brought into Florida. Although you state that the Mississippi titles for these vehicles contain no `rebuilt vehicle' designation, you do not say whether Mississippi or its controlling law requires that a vehicle so damaged be described or identified on the certificate of title issued by that state as a `rebuilt vehicle.'
AS TO QUESTION 1:
Section 319.14(1), F. S., provides that no person shall knowingly offer for sale, sell, or exchange any motor vehicle
 which was previously licensed, registered or used as a . . . rebuilt vehicle until the certificate of title for such motor vehicle . . . shall have been surrendered to the [d]epartment . . . and until the department has stamped in a conspicuous place on such certificate of title . . . the words: `[t]his motor vehicle is a `rebuilt vehicle" . . . . (Emphasis supplied.)
Any person who knowingly sells or exchanges or offers to sell or exchange such a vehicle contrary to the provisions of s. 319.14
shall be guilty of a misdemeanor of the second degree punishable as provided in s. 775.082 or s. 775.083, F. S. Section 319.14(5).
A rebuilt vehicle is defined by s. 319.14(1), F. S., to mean `avehicle built from salvage and for which a title has beenissued.' (Emphasis supplied.) Whether these flood-damaged cars from Mississippi are `built from salvage and for which a title' (Emphasis supplied.) was previously issued by your department (or an agency or officer of Mississippi) within the purview of s.319.14, is a factual determination beyond the authority of this office to make. Section 319.14(1) fails to define `salvage' for the purposes of that law, or particularly for the purpose of subsection (5) thereof establishing criminal penalties for violations of the provisions of s. 319.14. Although s. 319.30(2), F. S., refers to a motor vehicle's being `considered to be salvage' when an insurance company has paid money or compensation for `a total loss' of a vehicle and subsection (5), for purposes of compliance with that section, defines `a total loss' to mean that such a loss occurs when any insurance company pays to the owner of the vehicle 80 percent or more of the cost, at the time of the loss, of replacing the damaged vehicle with one of like kind or quality, s. 319.30 nowhere prescribes any criminal penalties for violation of the provisions of subsection (2) or subsection (5) of that section or for the `rebuilding and resale' of any `rebuilt from salvage' or `salvage' vehicle. The provisions of s. 319.34, F. S., however, make a violation of any `of the other provisions of the law, or any lawful rule or regulation promulgated pursuant to the provisions of this law [ch. 319, F. S.]' punishable by a fine not to exceed $500 or imprisonment for not more than 6 months, or both. Once again, whether the flood-damaged cars which are the subjects of your first question are salvage or total loss vehicles or vehicles built from salvage within the purview of the last-mentioned statutes, or within the purview of s. 319.14, F. S., is a factual determination that must initially be made by your department or the appropriate prosecuting officer or court, of this state; this office is without the authority to make such findings of fact or otherwise decide such mixed issues of law and fact.
It is a fundamental rule of statutory construction that words of common usage when used in a statute should be construed in their plain and ordinary sense. See Pedersen v. Green, 105 So.2d 1 (Fla. 1958). Therefore, as used in the context of ss. 319.14 and 319.30, F. S., it is apparent that the term `salvage' is intended to mean `the saving or rescue of any goods or property from destruction, damage or waste; any material or goods thus saved and sold or put to use; the value or proceeds from the sale of such goods . . . .'Webster's New World Dictionary, Second College Edition (1972), p. 1258.
Absent specific facts, this office is unable to state that these flood-damaged cars or total loss vehicles have been `dismantled, destroyed, or changed in such manner that [they are] not the motor [vehicles] described in the certificate of title . . . .' Section319.30(1), F. S.; cf. AGO 071-301. In any event the owner of any vehicle so dismantled, destroyed, or changed is required to surrender the certificate of title thereto to the department for cancellation; failure to do so subjects such owner to the criminal penalty and punishment prescribed by s. 319.34, F. S.
Section 319.30(3), F. S., does not make it unlawful to rebuild a motor vehicle or to sell a rebuilt vehicle; it only proscribes the `possession' of a motor vehicle which is junk or salvage or a total loss as defined in s. 319.30(5) when the manufacturer's identification number plate(s) or serial number(s) has been removed therefrom. This subsection is not applicable when a junk or total loss vehicle is acquired from a foreign state requiring
such vehicle's identification number(s) or plate(s) and license plate(s) to be surrendered to the foreign state if the junkyard or salvage yard owner, agent, or employee obtains the specified bill of sale. No evidence has been brought to my attention tending to establish that the said identification number plate(s) or serial number(s) has been removed from the motor vehicles in question herein. If such identification number plate(s) or serial number(s) has not been removed from such junk, salvage, or total loss vehicle, the owner (in Florida) of such vehicle is not prohibited from rebuilding, repairing, or restoring such vehicle or from selling the same with or without such rebuilding, repair, or restoration.
Section 319.14(1), F. S., applies only to a vehicle `which waspreviously licensed, registered, or used as a . . . rebuilt vehicle' (Emphasis supplied.); as was noted above, a 'rebuiltvehicle' is defined in s. 319.14(1) as one built from salvage (with parts scavenged from other damaged, destroyed, or dismantled vehicles) and for which a title has been (previously) issued. I assume from the inquiry and the above-stated facts that none of these flood-damaged cars has been previously licensed, registered, or used in Florida as a rebuilt vehicle. Furthermore, if this be correct, s. 319.14(1) probably does not proscribe the `rebuilding and resale' of subject vehicles, and the Florida owner thereof would not be subject to the criminal penalties prescribed by s.319.14(5) or s. 319.34, F. S. The owner of any junk or salvage yard or agent or employee thereof `who purchases or otherwise acquires a motor vehicle, or any part thereof, defined as junk or salvage or a total loss' is required, pursuant to s. 319.30(6), F. S., to keep an accurate and complete record of such vehicles or major component parts thereof purchased or received in the course of his business. These records must contain statutorily prescribed information; however, this does not proscribe the rebuilding or resale of subject flood-damaged vehicles or invoke the criminal penalties set forth in s. 319.30(6) for such acquisition, rebuilding, or resale of the vehicles in question. Likewise the penalties prescribed by s. 319.34 would not apply in such a case.
Assuming no criminal violation of s. 319.30(4) or (6), F. S., (and no evidence of any such violation has been brought to my attention), it would appear from the available facts presented that neither s. 319.14 nor s. 319.30, F. S., in requisite express terms, applies to or proscribes the activities described in your first question. Thus, upon proper application for a certificate of title accompanied by the Mississippi title certificate or the documents of evidence of ownership and the remaining information prescribed in s. 319.23, F. S., the Florida owner or owners of subject flood-damaged vehicles may, unless and until judicially determined otherwise, obtain the registration or licensing of subject vehicles in Florida, provided that your department, upon due investigation of any given case, does not find and determine that requisite facts do or did exist establishing criminal violations under s. 319.14, s. 319.30, or s. 319.34, F. S.
AS TO QUESTION 2:
Section 319.33(5), F. S., makes a violation of any provision of that section a felony. Examination of the provisions of s.319.33(1)-(4) discloses that no provision therein defines any offense concerning the rebuilding of motor vehicles or the selling of such rebuilt vehicles or concerning vehicles built from salvage or total loss vehicles (discussed supra under question 1). Furthermore, no evidence has been brought to my attention that would tend to establish a violation of any of the offenses described in s. 319.33(1)-(4). Therefore, unless and until judicially construed otherwise, and based upon the foregoing circumstances, I am of the view that the provisions of s. 319.33
do not apply to the rebuilding or resale of flood-damaged motor vehicles as set forth in your inquiry.
Prepared by: John J. Rimes, Assistant Attorney General